1  Ziyong (Sean) Li (CA 289696)
   Benesch, Friedlander, Coplan & Aronoff LLP
2  100 Pine Street, Suite 3100
   San Francisco, California 94111
3  Telephone:628.600.2250
   Facsimile: 628.221.5828
4  sli@beneschlaw.com

5  Attorneys for Defendants
   ZOETOP BUSINESS CO., LTD.,
6  SHEIN DISTRIBUTION CORP.,
   ROADGET BUSINESS PTE., LTD.,
7  SHEIN US SERVICES, LLC, AND
   SHEIN TECHNOLOGY, LLC
8

9
                    **IN THE UNITED STATES DISTRICT COURT**
10
                   **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
11

12

| ELIZABETH PIECHOWICZ, doing business as "LORNA LAINE", an individual,, | Case No. 2:25-cv-00481-ODW-SSC |
|---|---|
| Plaintiff, | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | Case Assigned to Hon. Otis D. Wright, II Courtroom 5D, 5th Floor |
| ZOETOP BUSINESS CO., LTD., a Hong Kong private limited company, individually and doing business as "SHEIN"; SHEIN DISTRIBUTION CORP., a Delaware corporation; ROADGET BUSINESS PTE., LTD, a Singapore private limited company; SHEIN US SERVICES, LLC, a Delaware Corporation; SHEIN TECHNOLOGY, LLC, a Delaware Corporation; and DOES 1 through 10,, | Complaint Filed:   January 17, 2025 |
| Defendants. | |

Defendants Zoetop Business Co., Ltd., Shein Distribution Corp., Roadget Business Pte., Ltd., Shein US Services, LLC, and Shein Technology, LLC (collectively, "Defendants"), by and through their attorneys, submit this Answer to Plaintiff Elizabeth Piechowicz's ("Plaintiff") Complaint. Unless expressly admitted, Defendants deny each and every allegation in Plaintiff's Complaint.

## JURISDICTION AND VENUE

1. The allegations set forth in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendants admit that Plaintiff has purported to allege claims for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, but denies that those claims have merit.

2. The allegations set forth in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendants admit that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a), but deny that this action has merit.

3. The allegations set forth in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendants deny that Plaintiff has conclusively established that venue is proper in this District under 28 U.S.C. § 1391(c) and 1400(a), but for purposes of this action only, Defendants do not contest whether venue is proper. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

## PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

5. Defendants admit that Defendant Zoetop Business Co. Ltd. ("Zoetop") is a company organized under the laws of Hong Kong. Except as expressly admitted, Defendants deny the allegations of Paragraph 5.

6. Defendants admit that Defendant Shein Distribution Corporation ("SDC") is

corporation organized and existing under the laws of the State of Delaware corporation. Except as expressly admitted, Defendants deny the allegations of Paragraph 6.

7. Defendants admit that Defendant Roadget Business PTE., LTD. ("Roadget") is a company organized under the laws of Singapore. Except as expressly admitted, Defendants deny the allegations of Paragraph 7.

8. Defendants admit that Defendant Shein US Services, LLC ("SHS") is a company organized and existing under the laws of the State of Delaware. Except as expressly admitted, Defendants deny the allegations of Paragraph 8.

9. Defendants admit that Defendant Shein Technology, LLC ("STL") is a company organized and existing under the laws of the State of Delaware. Except as expressly admitted, Defendants deny the allegations of Paragraph 9.

10. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. To the extent this paragraph contains additional allegations, they are expressly denied.

11. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. To the extent this paragraph contains additional allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

12. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. To the extent this paragraph contains additional allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

///

## CLAIMS RELATED TO SUBJECT DESIGNS

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

15. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 15.

16. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 16.

17. The images depicted in this paragraph speak for themselves and do not require a further response. To the extent this paragraph contains additional allegations, they are expressly denied.

18. The images depicted in this paragraph speak for themselves and do not require a further response. To the extent this paragraph contains additional allegations, they are expressly denied.

19. The allegations set forth in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent any further response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

20. Defendants incorporate by reference the allegations contained in preceding paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendants respond to each allegation as set forth above.

4

21. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 23.

24. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 24.

25. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 25.

26. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 26.

27. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 27.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

28. Defendants incorporate by reference the allegations contained in preceding

1  paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendants respond to each allegation as set forth above.

29. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 29.

30. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 30.

31. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants object to this paragraph as containing legal conclusions that do not require any response. To the extent that this paragraph contains additional allegations, they are expressly denied.

32. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 32.

33. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 33.

34. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 34.

///

# THIRD CLAIM FOR RELIEF

(For Violation of 17 U.S.C. § 1202(a) and (b) - Against All Defendants)

35. Defendants incorporate by reference the allegations contained in preceding paragraphs as if set forth herein. To the extent this paragraph requires an answer, Defendants respond to each allegation as set forth above.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation, such that this allegation is deemed denied.

37. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 37.

38. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 38.

39. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 39.

40. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 40.

41. Defendants deny that it is appropriate for Plaintiff to refer to defendants named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 41.

42. Defendants deny that it is appropriate for Plaintiff to refer to defendants

named in this action in a collective manner, as doing so fails to provide defendants with fair notice of the allegations against each individual defendant. Defendants deny the allegations of Paragraph 42.

## PRAYER FOR RELIEF

Defendants deny that there is any factual or legal basis for the claims alleged, for the relief sought, and for the recovery of fees or costs. Answering further, Defendants state that judgment should be entered in their favor and against Plaintiff. Defendants deny each and every allegation contained in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendants allege and assert the following affirmative defenses to the claims asserted in Plaintiff's Complaint. Defendants do not hereby assume the burden of proof on any such defenses that would otherwise rest on Plaintiff. Defendants further reserve the right to add to, modify, and/or delete from these affirmative defenses, including without limitation as discovery proceeds in this matter.

### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM FOR RELIEF)

Plaintiff's Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(UNJUST ENRICHMENT)

Plaintiff is barred from relief Plaintiff seeks, as the relief desired would unjustly enrich Plaintiff to the detriment of Defendants.

### THIRD AFFIRMATIVE DEFENSE
(LACHES)

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
(ESTOPPEL)

Plaintiff's claims are barred by estoppel due to the acts and conduct of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
## (WAIVER)

Plaintiff's claims are barred by Plaintiff's waiver, both expressly and through his conduct.

## SIXTH AFFIRMATIVE DEFENSE
## (INTERVENING FAULT / NO VOLITIONAL ACT)

If Plaintiff has sustained any injury, damage, or loss, such are proximately caused by third parties, and over which Defendants have no control.

## SEVENTH AFFIRMATIVE DEFENSE
## (NO HARM OR DAMAGE TO PLAINTIFF)

Plaintiff has not suffered any damages.

## EIGHTH AFFIRMATIVE DEFENSE
## (DAMAGES TOO SPECULATIVE)

Plaintiff's claims are barred because the damages Plaintiff purports to seek are too speculative such that there is no reasonable measure for quantifying the alleged harm.

## NINTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate any damages and is therefore barred form the relief Plaintiff seeks. If Plaintiff has sustained any damages, then they are subject to set off, offset, and/or recoupment.

## TENTH AFFIRMATIVE DEFENSE
## (NO COPYING)

Plaintiff's claims are barred, in whole or in part, because Defendants' copying, if any, of any element of the work in which Plaintiff alleges a copyright interest, did not involve the use of any element of the work protected by copyright.

## ELEVENTH AFFIRMATIVE DEFENSE
## (INSUFFICIENT ORIGINALITY)

Plaintiff's claims are barred, in whole or in part, because Defendants' copying, if

any, of any element of the works in which Plaintiff alleges a copyright interest, did not involve the use of elements of the works sufficiently original to warrant copyright protection.

## TWELFTH AFFIRMATIVE DEFENSE
### (INNOCENT CONDUCT)

Plaintiff's claims are barred, in whole or in part, because Defendants have not willfully infringed any intellectual property or other rights owned by Plaintiff and because Defendants have acted in good faith and without any intention of injuring Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (INVALIDITY)

Plaintiff's copyrights in the works at issue are invalid.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (INDISPENSABLE PARTIES)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to join indispensable parties to the action.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (COPYRIGHT DOCTRINES)

Plaintiff's claims are barred, in whole or in part, under the *scenes a faire* and merger doctrines.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (NO TIMELY REGISTRATION)

Plaintiff's claims are barred, in whole or in part, due to failure to register the subject works in a timely manner.

## RESERVATION OF DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have available additional, as yet unstated, defenses. Accordingly, Defendants reserve the right to assert other defenses as this action proceeds up to and including the time of trial.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants respectfully request that the Court:

1. Deny that Plaintiff is entitled to any relief whatsoever;
2. Dismiss the Complaint with prejudice and enter judgment in favor of Defendants;
3. Award Defendants their attorneys' fees and costs incurred in defending this action; and
4. Award Defendants such other and further relief as the Court may deem just and proper.

## JURY REQUEST

Pursuant to Federal Rule of Civil Procedure 38, Defendants request a trial by jury on all issues so triable.

Dated: May 27, 2025

Respectfully submitted,

*s/ Ziyong (Sean) Li*
ZIYONG (SEAN) LI (CA 289696)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone: 628.600.2250
Facsimile: 628.221.5828
Email: sli@beneschlaw.com

Attorneys for Defendants
ZOETOP BUSINESS CO., LTD., SHEIN DISTRIBUTION CORP., ROADGET BUSINESS PTE., LTD., SHEIN US SERVICES, LLC, AND SHEIN TECHNOLOGY. LLC